IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STORE CAPITAL ACQUISITIONS, LLC, and STORE MASTER FUNDING VI, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>LOUISIANA CRAB SHACK WACO, LLC, and LAP DUONG,<br><br>    Defendants. | No. 3:21-cv-01675-S |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs STORE Capital Acquisitions, LLC, and STORE Master Funding VI, LLC's, motion for default judgment. Mot. (ECF No. 11). For the reasons explained in these findings, conclusions, and recommendation, the District Court should GRANT Plaintiff's motion for default judgment and award Plaintiffs $1,786,717.98 plus post-judgment interest from Defendants Louisiana Crab Shack, LLC, and Lap Duong.

### Background

As set forth in Plaintiffs' complaint and motion for default judgment, Plaintiff STORE Master Funding VI (STORE), as landlord, and Defendant Louisiana Crab Shack Waco, LLC (the "Crab Shack"), entered into a ten-year Lease Agreement (the "Lease") for certain property in Waco, Texas (the "Property") on June 26, 2019. Compl. 1 (ECF No. 1) at 2; *see* Mot. App. 12 (ECF No. 11-3).

1

Defendant Lap Duong guaranteed the Crab Shack's obligations under the Lease. Compl. 4; *see* Mot. App. 78-87. The next year, the Crab Shack defaulted on its Lease obligations by failing to make its monthly rent payments and pay real estate taxes. Compl. 4. The Crab Shack also abandoned the leased premises and committed waste at the Property. Mot. App. 4. Duong failed to ensure the Crab Shack's performance under the Lease or make any payments to STORE pursuant to the guaranty. Compl. 4; Mot. App. 78. The Lease provides that, in the event of a default, STORE may accelerate the rent due and owing under the Lease for the entire scheduled Lease term. Compl. 3; Mot. App. 3, 34.

On April 1, 2020, the Crab Shack entered into a Promissory Note and Loan Agreement (the "Note") with Plaintiff STORE Capital Acquisitions (STORE Capital) as part of Store Capital's Tenant Relief Program. Compl. 4-5; *see* Mot. App. 67-74. Pursuant to the Note, STORE Capital advanced the Crab Shack funds to meet its Lease obligations. Compl. 5; Mot. App. 73. Duong also ratified the Note and guaranteed the Crab Shack's payment obligations under the Note. Compl. 4; Mot. App. 70, 75. But the Crab Shack and Duong failed to pay any amounts due under the Note. Compl. 4-5.

Plaintiffs filed this lawsuit on July 20, 2021, asserting claims against Defendants for the Crab Shack's breach of the Lease, the Crab Shack's failure to make payments on the Note, and Duong's failure to ensure payment of the amounts due from the Crab Shack under the Lease and the Note. *Id*. 5-7. Plaintiffs properly effected service on Defendants on July 26, 2021, and filed proof of service

with the Court. (ECF Nos. 5-6). Defendants failed to respond or enter an appearance. Therefore, Plaintiffs requested the Clerk to make, and the Clerk entered, an entry of default against Defendants. (ECF Nos. 7-10). Plaintiffs then filed the pending motion for default judgment. *See* Mot. 9. Defendants failed to file a response to Plaintiffs' motion. Therefore, the Court considers the motion without the benefit of a response.

In their motion, Plaintiffs ask the Court to enter judgment for total actual damages in their favor against Defendants for $1,786,717.98 plus post-judgment interest, which includes liquidated damages of $1,705,701.21 under the Lease and $66,201.15 on the Note, $13,826.86 of attorneys' fees, and $988.76 in costs to pursue this action. Mot. 8. The Court should enter default judgment in favor of Plaintiffs for $1,786,717.98 against Defendants.

**Legal Standards**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P.

55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")). "[A] 'party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (Brown, J.). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. However, "the requisite threshold for pleading sufficiency is lower on a motion

4

for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

## Analysis

The Court should grant Plaintiffs default judgment against Defendants because it is appropriate under the circumstances and a sufficient basis for the judgment exists in the pleadings.

First, default judgment is appropriate under the circumstances because the Court finds: (1) there exists no disputes of material fact because Defendants did not file a responsive pleading and Plaintiffs filed copies of the Lease, Note, and Duong's guarantees; (2) there is no substantial prejudice since Defendants failed to participate in these proceedings; (3) Defendants' failure to participate in this litigation establishes the grounds for default; (4) there is no reason to believe Defendants' failure to respond was caused by a good-faith mistake of excusable neglect since they were served almost one year ago; (5) the default judgment would not be unduly harsh because it would merely allow the remedies prescribed by the Lease, Note, and Guaranty agreements executed by Defendants; and (6) Defendants' failure to respond indicates this Court would not be obliged to grant a motion from them to set aside a default judgment.

Second, a sufficient basis exists for the default judgment in the pleadings. Plaintiffs allege breach of the Lease, Note, and guaranty agreements. Under Texas law, to establish a breach of contract, a plaintiff must show that: (1) a valid contract

5

exists; (2) the plaintiff performed on its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach damaged the plaintiff. *Marquis Acquisitions, Inc. v. Steadfast Ins.*, 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet.). Here, the Crab Shack executed a Lease with STORE and a Note in favor of STORE Capital. *See generally* Mot. App. 12-74. Duong guaranteed the Crab Shack's obligations under the Lease and the Note. *See generally id.* at 70, 75, 78-87. The Lease, Note, and guaranty agreements are sufficient to show that valid contracts exist between the parties. STORE completely performed under the terms of the Lease when it provided the Property to the Crab Shack for tenancy, and STORE Capital performed under the Note when it provided funds to the Crab Shack for relief from the effects of the COVID-19 pandemic. And the Crab Shack breached the Lease and the Note when it defaulted on its payment obligations, and Duong defaulted on his guarantees when he failed to cure the Crab Shack's breaches. Plaintiffs were damaged by Defendants' breaches. Accordingly, the pleadings contain a sufficient basis for judgment against Defendants for beach of the Lease, the Note, and the guarantees.

Further, neither Defendant is a minor, incompetent person, in the military service, or otherwise exempted from default judgment under the Servicemembers' Civil Relief Act.

## Recommendation

The District Court should GRANT Plaintiffs' motion (ECF No. 11) and enter default judgment against Defendants, joint and several, and in favor of Plaintiffs

6

for $1,786,717.98 plus post-judgment interest, which includes liquidated damages of $1,705,701.21 from the lease and $66,201.15 from the note, $13,826.86 of attorneys' fees, and $988.76 in costs to pursue this action.

**SO RECOMMENDED.**

July 27, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).